KATHRYN KENEALLY
Assistant Attorney General
U.S. Department of Justice
Tax Division

KEVIN F. SWEENEY
KATHERINE WONG
Trial Attorneys
601 D Street, NW
P.O. Box 972, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-3637
Fax: (202) 514-9623
E-mail: Kevin.F.Sweeney@usdoj.gov
E-mail: Katherine.Wong@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) PLEA AGREEMENT |
| v. | ) |
| | ) |
| PAUL D. STOCKLER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Unless the parties jointly inform the Court in writing of any additional agreements, this

document in its entirety contains the terms of the plea agreement between the Defendant and the

United States. This agreement binds only the District of Alaska and the United States

Department of Justice, Tax Division; it does not bind other federal, state, or local prosecuting

1

authorities.

## I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A. Terms of Agreement

**Defendant's Obligations:** In exchange for the United States's obligations, and subject to the conditions more fully described below:

    **1.** The Defendant agrees to plead guilty to all three counts in the Information, which charges violations of 26 U.S.C. § 7203, Willful Failure to File Income Tax Returns.

    **2.** The Defendant agrees to make restitution to the Internal Revenue Service (IRS) in the amount of the tax loss as determined by the Court at sentencing. The Defendant agrees that he will pay restitution for all charges to which he is pleading guilty.

    **3.** The Defendant agrees to waive all rights to appeal his guilty plea, the convictions imposed pursuant to this agreement, and to waive all rights to collaterally attack his guilty plea or conviction, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea. The parties agree that the Defendant may appeal or collaterally attack any aspect of the sentence imposed by the Court.

**United States's Obligations:**

    **1.** The United States agrees that it will not further prosecute the Defendant for any other conduct related to the events which resulted in the charges contained in the Information.

Plea Agreement
U.S. v. Paul D. Stockler

11370532.1

**2.** The United States agrees that it will not recommend a sentence to imprisonment of more than a combined total of twenty-four months.

**3.** The United States agrees that it will recommend that the Defendant receive an adjustment to his United States Sentencing Guidelines (U.S.S.G.) calculation based on his acceptance of responsibility, as set forth in Section III of this agreement.

### Other Terms:

**1.** The Court is free to consider any other permissible relevant information presented by the parties, including uncharged conduct, in calculating the Defendant's advisory sentencing guideline range under the U.S.S.G., consistent with the U.S.S.G. and relevant case law. The parties are free to object to such consideration as the law may merit.

**2.** The parties are free to make any sentencing recommendation consistent with this agreement. Any agreements or disagreements that the parties have to or regarding the application of the U.S.S.G. are set forth in Section III of this agreement.

**3.** The parties understand and agree that this agreement is not binding unless and until approved by the Assistant Attorney General, United States Department of Justice, Tax Division, or her designee.

### B.    Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the Defendant may not withdraw from this agreement or from the guilty plea, even if the Court rejects the parties'

3

sentencing recommendations at the sentencing hearing, except as provided by Federal Rule of Criminal Procedure Rule 11(c)(3) and (5).

### C.  Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party, including any costs of prosecution.

## II.  CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A.  Charges:
The Defendant agrees to plead guilty to Counts One through Three of the Information: Willful Failure to File Returns for tax years 2006, 2008, and 2009, in violation of Title 26, United States Code, Section 7203.

### B.  Elements:
The elements of the charges to which the Defendant is pleading guilty are as follows:

#### Count 1:

1. The Defendant was required to file a U.S. individual income tax return for the calendar year ending December 31, 2006;

2. The Defendant failed to file a U.S. individual income tax return by October 15, 2007, the date his tax return was due pursuant to his request for an automatic extension of time, as required by Title 26 of the United States Code; and

3. In failing to do so, the Defendant acted willfully.

4

Plea Agreement
U.S. v. Paul D. Stockler

11370532.1

**Count 2:**

1. The Defendant was required to file a U.S. individual income tax return for the calendar year ending December 31, 2008;

2. The Defendant failed to file a U.S. individual income tax return by April 15, 2009 as required by Title 26 of the United States Code; and

3. In failing to do so, the Defendant acted willfully.

**Count 3:**

1. The Defendant was required to file a U.S. individual income tax return for the calendar year ending December 31, 2009;

2. The Defendant failed to file a U.S. individual income tax return by April 15, 2010 as required by Title 26 of the United States Code; and

3. In failing to do so, the Defendant acted willfully.

Ninth Circuit Model Criminal Jury Instructions § 9.38 (2010). An individual entitled to file as head of household was required to make a U.S. individual income tax return:

1. For 2006, if he was under 65 years of age and his gross income equalled or exceeded $10,850;

2. For 2008, if he was under 65 years of age and his gross income equalled or exceeded $11,500;

3. For 2009, if he was under 65 years of age and his gross income equalled or exceeded $12,000.

See generally 26 U.S.C. § 6012. The term "gross income" is broadly defined as income from "whatever source derived," and includes profits, wages, and compensation for services. See 26 U.S.C. § 61(a). Under Title 26, Section 6017, United States Code, every individual (other than a nonresident alien individual) with "net earnings from self-employment" of four hundred dollars

5

($400) or more must make a return on such earnings even if not required to make a return under Section 6012. Net earnings, as it relates to self-employment filing requirements, ". . . means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed . . . ." 26 U.S.C. § 1402(a). In order to prove that the Defendant acted "willfully," the Government must prove beyond a reasonable doubt that the Defendant knew federal tax law imposed a duty on him, and the Defendant intentionally and voluntarily violated that duty. Ninth Circuit Model Criminal Jury Instructions § 9.42 (2010).

      **C.**     **Factual Basis:** The Defendant agrees that there is a factual basis for his pleas of guilty to Counts One through Three of the Information. The parties stipulate that the Court may rely upon the following statement to provide the factual basis for the Defendant's guilty pleas and for the imposition of sentence in this matter. Specifically, the Defendant admits as follows:

      **1.** Defendant Stockler is an attorney who operated a law practice in Anchorage, Alaska. For tax years 2006, 2008, and 2009, he qualified for head of household status with the IRS based, in part, on the facts that he was unmarried and paid for a home which he lived in with his dependent child. For each of these years, Defendant Stockler was required to report self-employment earnings from his law practice on a Schedule C attached to his U.S. individual income tax returns. He failed to file U.S. individual income tax returns for tax years 2006, 2008, and 2009, even though he knew that his gross income exceeded the filing threshold for an individual with head of

6

household status and knew that he received more than $400 in net earnings from self-employment at his law practice. Defendant Stockler knew that he was required by law to timely file U.S. individual income tax returns for tax years 2006, 2008 and 2009 but willfully chose not to do so.

        **2.** For purposes of calculating the applicable sentencing guideline range and restitution, the parties agree that this Court has the jurisdiction and authority to adjudicate all issues regarding the amount of tax loss, if any, for tax years 2006, 2008 and 2009. The parties further agree, as discussed in Section III(B)(1)(a) of this agreement, that the tax loss is one of the four amounts listed below depending on whether, as determined by this Court, Defendant Stockler is allowed to deduct a maximum of $3,000 per year of capital losses as the Government contends, or is entitled to deduct all capital losses for 2006 and/or unclaimed capital losses carried-forward to future years from 2005 as the defense contends. The following table summarizes the agreed upon tax loss calculations:

| Year | Tax Loss if Deduction for Capital Losses is Limited to $3,000 Per Year | Tax Loss if Allowed to Deduct All Capital Losses for 2006 but not Allowed to Deduct Unclaimed Capital Losses Carried-Forward from 2005 | Tax Loss if Allowed to Deduct Unclaimed Capital Losses Carried-Forward from 2005 but Capital Loss Deduction for 2006 is limited to $3,000 | Tax Loss if Allowed to Deduct All Capital Losses for 2006 and Unclaimed Capital Losses Carried-Forward from 2005 |
|------|------|------|------|------|
| 2006 | $838,889 | $67,603 | $627,699 | $0 |
| 2008 | $11,381 | $11,381 | $11,381 | $0 |
| 2009 | $35,788 | $35,788 | $35,788 | $0 |
| Total | $886,058 | $114,772 | $674,868 | $0 |

Plea Agreement
U.S. v. Paul D. Stockler

11370532.1

**D.    Statutory Penalties and Other Matters Affecting Sentence**

**1. Statutory Penalties:** The statutory penalties applicable to each charge to which the Defendant is pleading guilty, based on the facts to which the Defendant will admit in support of the guilty plea, are as follows:

### Counts 1-3:  Willful Failure to File a Return

a.    A term of imprisonment of not more than one (1) year;

b.    A fine of not more than $100,000, or both imprisonment and a fine, together with the costs of prosecution;

c.    Supervised release for a term not exceeding one (1) year; and

d.    A mandatory special assessment of twenty-five ($25) dollars.

### 2. Other Matters Affecting Sentence

a.    Conditions affecting the Defendant's sentence include the following:

1) Pursuant to U.S.S.G. § 5E1.2(d)(7), the Court can consider in determining the amount of any fine the expected costs to the Government of any term of probation, imprisonment, or supervised release.

2) Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

8

**3)** Pursuant to U.S.S.G § 7B1.5, upon a finding of violation of any condition of supervised release, a further term of imprisonment equal to the period of supervised release may be imposed, with no credit for the time already spent on supervised release.

**4)** The Court may order the Defendant to pay restitution pursuant to U.S.S.G. § 5El.l(a)(2).

**b.**     Payment of Special Assessment: The Defendant agrees to pay the entire special assessment of $75 in this case on the day that the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

**c.**     Consequences of Federal Conviction: The conviction(s) may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If the Defendant is not a citizen of the United States, the conviction(s) may also have immigration consequences. The Defendant understands and acknowledges the potential consequences of pleading guilty.

**E.**     **Forfeiture:** There are no assets to be forfeited under this agreement and the Government shall not seek any such forfeiture.

**F.**     **Restitution:** The parties agree that the Defendant will pay restitution in the amount of the tax loss for the tax years 2006, 2008, and 2009, as determined by the Court at

9

Plea Agreement
U.S. v. Paul D. Stockler

11370532.1

sentencing. At sentencing, should the Court impose an order of restitution, the parties agree that

the Defendant should be given credit for any payments made on or before the date of sentencing.

The Defendant understands and agrees that nothing in this Agreement will limit the IRS in its

civil examination, determination, assessment, or collection of income taxes, other than all

restitution paid pursuant to this agreement will be credited against any tax liability.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

**A.** **Advisory United States Sentencing Guidelines:** The Court must consult the

advisory U.S.S.G. as well as the factors set forth in 18 U.S.C. § 3553(a) when considering what

sentence to impose. The U.S.S.G. does not establish the statutory maximum or minimum

sentence applicable to the offenses to which the Defendant is pleading guilty. The U.S.S.G. is

not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

**B.** **Guideline Application Agreements:** The parties have reached no agreement as to

the application of any provisions of the U.S.S.G. unless set forth below in this section.

### 1. Offense Level

**a. Tax Loss:** The parties dispute the tax loss. The Government calculates the

total tax loss amount to be $886,058. In reaching its calculation, the Government credited the

Defendant with the maximum capital loss deduction for "investors" of $3,000 per year. The

Defendant contends that he is entitled to deduct all capital losses for 2006 and is entitled to

unclaimed deductions for all capital losses for 2005 which carry-forward to future years. He

contends that he is entitled to these additional deductions because he meets the requirements

10

Plea Agreement
U.S. v. Paul D. Stockler

11370532.1

under the Internal Revenue Code to be considered a "trader" and is entitled to retroactive mark-to-market treatment for tax years 2005 and 2006. Based on this discrete legal issue, the parties agree that the respective and total tax losses for years 2006, 2008 and 2009 are one of the four amounts listed in Section II.C.2.

  **b. Base Offense Level:** Assuming the Court finds the tax loss to be $886,058 as the Government contends, the parties agree that the base offense level is 20, since the loss amount would be more than $400,000 but not more than $1,000,000. U.S.S.G. §§ 2T1.1(a)(l) and 2T4.l(H). Assuming the Court finds the tax loss to be $0 as the defense contends, the parties agree the base offense level is 6 under U.S.S.G. §§ 2T1.1(a)(2) and 2T4.l(A). The parties agree that no U.S.S.G § 2T1.1(b) specific offense characteristics are applicable. The Government agrees not to seek any further upward adjustments, variances, or departures.

  **2. Acceptance of Responsibility:** Subject to the Defendant satisfying the criteria set out in U.S.S.G. § 3El.l and the applicable application notes, the United States agrees to recommend the Defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3El.l(b) applies, to move for the additional one-level adjustment for acceptance of responsibility. Based upon a two-level downward adjustment and assuming Criminal History Category I and no tax loss, the resulting offense level is 4. Based on a three-level downward adjustment and assuming a Criminal History Category I, and a tax loss of $886,058, the resulting offense level is 17. However, if at any time prior to imposition of the sentence, the Defendant fails to satisfy the criteria set out in U.S.S.G. § 3El.l, the United States will not make or, if already made, will withdraw this recommendation and motion. The

11

Defendant has the right to contest any such withdrawal or refusal to make a U.S.S.G. § 3El.l recommendation.

**3. Criminal History Category:** There is no agreement as to the Defendant's Criminal History Category, which the parties acknowledge will be determined by the Court.

    **C.**    **Sentencing Recommendations**

**1. United States' Sentencing Recommendation:** The United States agrees that it will not recommend a sentence greater than a total of twenty-four months of imprisonment.

**2. Presentence Report:** The United States Probation Office (U.S.P.O.) will prepare the Defendant's pre-sentence report, which will include a recommended calculation of the Defendant's sentence range under the U.S.S.G. Both the United States and the Defendant will have the opportunity to argue in support of, or in opposition to, the Guidelines range calculation that the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case consistent with this agreement and applicable law.

## IV.    WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

    **A.**    **Trial Rights**: Being aware of the following, the Defendant waives the following trial rights:

12

1. The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

2. The right to object to the composition of the trial jury;

3. The right to plead not guilty or to persist in that plea if it has already been made;

4. The right to be presumed innocent and not to suffer any criminal penalty unless and until the Defendant's guilt is established beyond a reasonable doubt;

5. The right to be represented by counsel at trial and if necessary to have counsel appointed at public expense to represent the Defendant at trial -- the Defendant is not waiving the right to have counsel continue to represent the Defendant during the sentencing phase of this case;

6. The right to confront and cross-examine witnesses against the Defendant, and the right to subpoena witnesses to appear in the Defendant's behalf;

7. The right to remain silent at trial, with such silence not to be used against the Defendant, and the right to testify in the Defendant's own behalf;

8. The right to contest the validity of any searches conducted on the Defendant's property or person; and

9. The right to further discovery from the Government, except as to the "trader" issue to be adjudicated by the sentencing court.

13

**B.    Appellate Rights**

The Defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this Agreement. The Defendant retains the right to appeal on all grounds set forth in 18 U.S.C. § 3742 regarding the sentence the Court imposes, including, but not limited to, the terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

**C.    Collateral Attack Rights**

The Defendant agrees to waive all rights to collaterally attack his convictions that will result from this agreement. The only exceptions to this collateral attack waiver are as follows:

**1.** Any challenge to the conviction alleging ineffective assistance of counsel based on information not now known to the Defendant and which, in the exercise of reasonable diligence; could not be known by the Defendant at the time the Court imposes sentence; and

**2.** Any challenge to the voluntariness of the Defendant's guilty plea. The Defendant is free to challenge any aspect of the sentence that the Court imposes, including, but not limited to, the terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

14

## V.   COOPERATION WITH THE INTERNAL REVENUE SERVICE

The Defendant agrees to cooperate fully with the IRS in its civil examination, determination, assessment, and collection of income taxes related to the Defendant's income tax returns, and further agrees not to conceal, or transfer for no consideration any funds or property that could be used to satisfy any outstanding taxes, penalties, and interest.  As part of his cooperation with the IRS, the Defendant agrees to:

**A.**   Promptly file any and all outstanding and/or delinquent tax returns that remain unfiled.

**B.**   Cooperate with the IRS by providing all financial information necessary to ascertain and assess the Defendant's back taxes, interest, and penalties;

**C.**   Provide to the IRS all financial information necessary to determine the Defendant's ability to pay;

**D.**   Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties, including paying the liability stemming from the offense conduct described herein in a lump sum should the IRS determine the Defendant is able to so pay, or entering an installment agreement to pay the liability in total during the period of supervised release or probation; and

**E.**   Timely file all federal income tax returns during the term of supervised release and refrain from incurring new credit charges or opening additional lines of credit without the approval of the probation officer unless the Defendant is in compliance with any installment payment schedule.

15

## VI. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the Defendant's plea of guilt and the Court's acceptance of the Defendant's plea and the terms of this agreement, the United States agrees that it will not further prosecute the Defendant for any other conduct, as set forth in Section I.A above. However, if the Defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the Defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the Defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated, as well as for any alleged perjury and false statements related to this plea. The Defendant further understands and agrees that any applicable statute of limitations that has not run as of the date of this agreement for any charge arising in the District of Alaska is tolled and extended from the date the Defendant signs this agreement until the date any such charge or charges are filed under this Section and Section VIII below.

Additionally, the Defendant further understands and agrees that in the event he violates the plea agreement, withdraws his decision to plead guilty, or his guilty plea is later withdrawn or otherwise set aside, any statements made by him to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by him during any court proceeding involving his plea of guilty, including any factual basis or summaries signed by him, memorialized in this Agreement or elsewhere, and any leads from such statements, factual basis

16

or summaries, shall be admissible, if relevant, for all purposes against the Defendant in any and all criminal proceedings, including in a subsequent trial.

## VII. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement conforms with the sentencing goals that would otherwise be applicable to the Defendant's case if the Defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VIII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Paul D. Stockler, the Defendant, affirm this document contains all of the agreements made between me - with the assistance of my attorney - and the United States regarding my pleas of guilt. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill

17

these obligations will constitute a material breach of this agreement. If it is determined I have breached this agreement, I agree the United States may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter not otherwise time barred. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the Government's burden to prove breach will be by preponderance of the evidence.

I understand the Court will ask me under oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my pleas of guilt. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have

18

11370532.1

raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the United States Sentencing Guidelines may have on my sentence.

\\

\\

\\

\\

\\

\\

\\

\\

19

11370532.1

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Counts 1-3 of the Information.

DATED: 6/9/14

Paul D. Stockler
Defendant

As counsel for the Defendant, I have discussed the terms of this plea agreement with the Defendant and have fully explained the charges to which the Defendant is pleading guilty and the necessary elements and all possible defenses. Based on these discussions, I have no reason to doubt that the Defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the Defendant's competency to make these decisions. Prior to the imposition of sentence, if I become aware of any reason to question the Defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

DATED: 6/9/14

Marcus S. Topel
Attorney for Paul D. Stockler

On behalf of the United States, the following accept the Defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 6/17/14

Kevin F. Sweeney
Katherine Wong
Attorneys for the United States

11370532 1

Tamara W. Ashford
Acting Assistant Attorney General
Department of Justice, Tax Division
Acting Under Authority Conferred
by 28 U.S.C. § 515

DATED: ___6/18/14___

_Ronald A. Cimino_ (signature)

Ronald A. Cimino
Deputy Assistant Attorney General
United States Department of Justice, Tax Division